IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENTON THOMAS MASSEY, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1973-D-BK |
| | § | (CRIMINAL NO. 3:13-CR-0322-D) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Brenton Thomas Massey's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be **DENIED**.

### I. BACKGROUND

Massey pled guilty to possessing a firearm after conviction of a felony offense and was sentenced under the Armed Career Criminal Act to 188 months' imprisonment and a five-year term of supervised release. Crim. Doc. 42. Relying on Section 5G1.3(d) of the Sentencing Guidelines, the Court ordered the sentence to be served concurrently with a 14-year prison term imposed by the United States District Court for the Eastern District of Texas in a related case—No. 4:13-CR-102-7. Crim. Doc. 42 at 2. Subsequently, the United States Court of Appeals for the Fifth Circuit affirmed the sentence. *United States v. Massey*, 858 F.3d 380 (5th Cir. 2017).

In Massey's timely Section 2255 motion, he argues that: (1) the trial court abused its discretion in its application of U.S.S.G. § 5G1.3 by not properly giving him credit for his time

served; and (2) his trial and appellate counsel were ineffective for not putting the Court on notice of the improper sentencing calculation. Doc. 2-1 at 1. *Id.* The Government has filed a response in opposition, Doc. 9, and Massey has filed a reply, Doc. 11. After reviewing the record, the Court concludes that Massey's ineffective assistance claims fail on the merits and that his substantive sentencing claims are not cognizable and procedurally barred.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a movant stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Moreover, to obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, the movant must prove that counsel's performance was deficient and that counsel's substandard performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

### A. Ineffective Assistance of Counsel at Sentencing

Massey asserts that counsel rendered ineffective assistance by failing to inform the Court that: (1) the provisions of U.S.S.G. § 5G1.3(b), and not U.S.S.G. § 5G1.3(d), applied in his case; and (2) he was due additional credit for the time that he had already served on his Eastern District of Texas sentence. Doc. 2-1 at 1. Massey contends that due to counsel's failure and the Court's erroneous reliance on U.S.S.G. 5G1.3(d),  he will not receive all of the credit for time

served for which he is eligible, to-wit: "approximately 13 months" when he was incarcerated awaiting sentencing in his Northern District of Texas case. Doc. 2-1 at 4.

The Government acknowledges that the Bureau of Prison's (BOP's) back-time credit calculation resulted in an "overlap period," since Massey's federal sentences were imposed at different times and, under 18 U.S.C. § 3584(c), multiple terms of imprisonment are "treated for administrative purposes as a single, aggregate term of imprisonment." Doc. 9 at 14 n.3. The Government further concedes that as a result of the "overlap period," Massey's aggregate imprisonment term is 16 years, nine months, and 21 days, rather than the 15 years, six months term imposed. Doc. 9 at 14 n.3.

Although the Presentence Report (PSR) does not refer to U.S.S.G. § 5G1.3 or address a concurrent versus consecutive sentence, the Court agreed with defense counsel's request to order that the sentence imposed in this district be served concurrently with the 14-year sentence imposed in the Eastern District of Texas, and to award back-time credit from the date of Massey's arrest. Crim. Doc. 59 at 8, 20 (*Sentencing Tr.*). The Court explained:

> In this case I have determined that a sentence at the bottom of the advisory guideline range of 188 months is sufficient but not greater than necessary to comply with the purposes for sentencing.
>
> * * *
>
> I am going to be ordering the sentence to be served concurrently with the Eastern District sentence when I pronounce the sentence.
>
> The way that I will address the request for back time, is that I will be imposing the concurrent sentence pursuant to guideline 5G1.3D, which will indicate to the Bureau of Prisons that the sentence is fully concurrent.

Crim. Doc. 59 at 19-20.

District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings…." *Setser v. United States*, 566 U.S. 231, 236 (2012); *see also* 18 U.S.C. § 3584(a) (granting statutory discretion to district courts to impose consecutive or concurrent sentences). In exercising their discretion, courts are required to consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3584(b). Courts can also consult the Sentencing Guidelines. *See* U.S.S.G. § 5G1.3. This case turns on the application of subsections (b) and (d) of U.S.S.G. § 5G1.3.[1] However, the Court notes that neither section impacts the calculation of the advisory guideline range, which was correct in this case.

Subection (b) provides that if the defendant is serving an undischarged term of imprisonment for an offense that "is relevant conduct to the instant offense of conviction," the sentence for the instant offense shall be "adjust[ed] ... for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[.]" U.S.S.G. § 5G1.3(b). Subsection (d) provides that, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d).

In the instant case, after weighing the statutory sentencing factors, the Court imposed a sentence at the low end of the 188- to 235-month guideline range. The Court also exercised its

---

[1] The PSR relied on the November 1, 2015 Guidelines Manual. Crim. Doc. 27-1 at 6, PSR ¶ 22.

wide discretion to apply U.S.S.G § 5G1.3(d) and order that Massey's sentence be served concurrently with his Eastern District sentence. Although the Court added that subsection (d) "will indicate to the [BOP] that the sentence is fully concurrent," it did not otherwise specify an additional adjustment or variance to account for jail time served on the Eastern District sentence that ultimately would not be credited to Massey's federal sentence by the Bureau of Prisons. Crim. Doc. 59 at 20.

Massey correctly asserts that U.S.S.G. § 5G1.3(b) applied in his case because the Eastern District offense was relevant conduct to the gun possession offense in this case. *See* Crim. Doc. 27-1 at 7, PSR ¶ 25 (increasing offense level by 4 because the firearm was possessed in connection with the Eastern District offense). But even assuming counsel was deficient in failing to specifically request a concurrent sentence under U.S.S.G. § 5G1.3(b) to obtain all credit for time served, Massey cannot show that he was prejudiced—to-wit, that his sentence was increased by the deficient performance of defense counsel. *See Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

First, the application of U.S.S.G. § 5G1.3(b) is not mandatory, even when the guideline applies. *See United States v. Rangel,* 319 F.3d 710, 713 (5th Cir. 2003) ("Although the language of subsection b is mandatory, it is well established in this circuit that the district court retains the discretion to impose a sentence consecutively, even where this guideline applies, by means of a departure." (quoting *United States v. Bell,* 46 F.3d 442, 446 (5th Cir. 1995))); *United States v. Dooley,* 556 F. App'x 312, 312-13 (5th Cir. 2014) (per curiam) ("[Defendant] does not contend application of § 5G1.3(b) is mandatory, and we have not held it to be so."). Second, there is nothing in the record to indicate that Massey's sentence would have been lower even if the Court had expressly or implicitly addressed U.S.S.G. § 5G1.3(b) at sentencing or provided a clearer

explanation of intent.  *See United States v. Estrada,* 312 F. App'x 664, 667 (5th Cir. 2009) (requiring post-*Booker* that courts "'include[] the calculation required by [subsection (b)] when determining the proper guideline sentence'" (quoting *United States v. Figueroa,* 215 F. App'x 343 (5th Cir. 2007))).  At sentencing, the Court rejected Massey's objections and found him to be an Armed Career Criminal.  Crim. Doc. 59 at 4.  This was significant because it placed him at the higher advisory guidelines range of 188-235.  Crim. Doc. 27-1 at 18, PSR ¶ 90.  That notwithstanding, after weighing all sentencing factors, the Court concluded that a sentence at the very bottom of the guidelines range was sufficient.  Crim. Doc. 59 at 19-20.  The Court also ordered that the sentence be served concurrently with the Eastern District sentence specifically relying on subsection (d).  The latter decision indicates that the Court appropriately weighed all of its options under U.S.S.G. § 5G1.3, including the application of subsection (b) and the related adjustment for time served, and decided to rely instead on subsection (d) to achieve a reasonable punishment.

     Additionally, the Court had extensive discretion to invoke subsection (d) because Massey's case was complex.  It not only involved the related Eastern District sentence but also time-credit calculations that were difficult to predict.  Notably application note 4(D) provides that in "complex cases," such as this, "the Court may exercise its discretion in accordance with subsection (d) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3 cmt. n. 4(D).

     Finally, the Court was free to apply subsection (d) and impose the sentence that it ultimately did because the sentencing guidelines are merely advisory, not mandatory.  *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013)

("[G]iven the advisory nature of the Sentencing Guidelines, a district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies."). Indeed, the application of Section 5G1.3(b) would have required a guideline departure, which there is no indication the Court intended to do.

In sum, Massey's claim of ineffective assistance of counsel is without merit.

### B. Ineffective Assistance of Counsel on Appeal

Massey's related claim of ineffective assistance of appellate counsel—for failing to raise the sentencing issue on appeal—likewise fails. Doc. 2-1 at 4. Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Indeed it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752; *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (noting counsel is obligated only to raise and brief those issues that are believed to have the best chance of success).

Massey has not demonstrated that the issue that he contends appellate counsel should have raised was clearly stronger than the issue counsel did pursue on direct appeal. *See Smith*, 528 U.S. at 288 ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." (internal quotations and quoted case omitted)). As detailed above, the Court implicitly considered U.S.S.G. § 5G1.3(b) as part of its determination of a reasonable sentence. The Court also had wide discretion to impose a concurrent sentence under U.S.S.G. § 5G1.3(d).

Additionally, insofar as Massey claims counsel should have challenged the Court's exercise of its broad sentencing discretion—namely that his sentence was substantively unreasonable because a downward departure was warranted under U.S.S.G. § 5G1.3(b) to grant him additional time credit—his claim likewise has no merit because a within-guideline sentence is presumptively reasonable. *See United States v. Neba*, 901 F.3d 260, 263 (5th Cir. 2018) ("A sentence within a properly calculated Guideline range is presumptively reasonable." (citing *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006))). Consequently, appellate counsel was not deficient in failing to raise either claim on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990))).

### C. Substantive Sentencing Arguments

Next Massey asserts that the Court mistakenly applied U.S.S.G. § 5G1.3(d) and, thus, failed to give him credit for the time that he had served on the related Eastern District sentence. Doc. 2-1 at 1. However, such claims are not cognizable on Section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to constitutional issue cognizable under Section 2255). In addition, since Massey did not present the claims on direct appeal, they are procedurally barred, absent a showing of cause and prejudice or that he is "actually innocent" of the crime for which he was convicted. *See United States v. Shaid*, 937 F.2d 228, 236 (5th Cir. 1991) (en banc). Massey has not satisfied the cause-and-actual prejudice exception to excuse his failure to raise the claims on direct appeal. He also does not assert his actual innocence. Thus, his sentencing claims are not cognizable and procedurally barred.

### III. EVIDENTIARY HEARING

In his reply, Massey contends that he is entitled to an evidentiary hearing. Doc. 11 at 3. An evidentiary hearing is not required, however. "When the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Accordingly, because Massey's claims lack merit for the reasons stated above, no evidentiary hearing is required in this Section 2255 proceeding.

### IV. CONCLUSION

Massey's Section 2255 Motion should be **DENIED,** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 19, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).